**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
================================

CORY R. FOUNTAIN,

        Plaintiff,

   - v -             Civ. No. 8:13-CV-255
                      (NAM/RFT)

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF
AGRICULTURE and ANWAR M. KARIM

        Defendants.
================================

ANWAR M. KARIM,

        Plaintiff,

   - v -             Civ. No. 3:14-CV-964
                      (NAM/RFT)

UNITED STATES OF AMERICA and
THOMAS VILSACK as SECRETARY OF
THE UNITED STATES DEPARTMENT
OF AGRICULTURE,

        Defendants.
================================

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

On August 14, 2014, Defendant Anwar Karim filed a Letter-Motion seeking, *inter alia*, to consolidate the two-above captioned matters. Civ. Case No. 8:13-CV-255, Dkt. No. 43. Plaintiff Corey Fountain joined Karim in seeking a consolidation of the two matters. Dkt. No. 44. While the Defendants United States and United

States Department of Agriculture (hereinafter "United States") did not specifically object to the consolidation of these two actions, but raised some fundamental concerns as to Karim's other requests. Dkt. No. 49. On August 28, 2014, a telephonic conference was held on the record. Although these two cases were designated as related, the Court initially did not believe that a consolidation order was warranted. However, after hearing from the parties and realizing the complexity of the interconnected issues, the Court reconsidered its inchoative position and, for the following reasons grants a limited consolidation.

The basis for Fountain's action stems from an incident that occurred on August 31, 2010, when Fountain and Karim, who was operating a vehicle owned by the United States, were involved in a two-car motor vehicle accident. *See* Civ. Case No. 8:13-CV-255, Dkt. No. 1, Compl. United States Defendans filed an Answer with an affirmative defense that "[t]here is no subject matter jurisdiction over it because Karim was not acting within the scope of his employment." Dkt. No. 13, Defs. United States Ans. Because of this asserted affirmative defense, Karim has been representing him *pro se* until May 7, 2014. Dkt. No. 34, Notice of Appearance. Scheduling deadlines were extended to allow Karim's attorneys to become familiar with the litigation and to conduct depositions as well as setting a new final day to file dispositive motions. *See* Dkt. Nos. 36 & 42, Text Orders.

In the interim, on August 1, 2014, Karim commenced a new action against the United States alleging that he was, in fact, authorized to use the Government vehicle, and consequently the United States is obligated to provide him with a defense and indemnify him from liability. Accordingly, Karim seeks a declaratory judgment against the United States. Civ. Case No. 3:14-CV-964, Dkt. No. 1.

After conducting several depositions related to the issue of Karim's use of the vehicle that was involved in the accident with Fountain, Karim would like to conduct one more deposition and then file a dispositive motion in the Fountain action. In this respect, Karim seeks to consolidate his declaratory judgment action with the action commenced by Fountain. Civ. Case No. 8:13-CV- 255, Dkt. No. 43.

While Karim intends to file a dispositive motion seeking a declaratory judgment that he is entitled to a defense provided by the United States and indemnification against any judgment that may be rendered against him in the Fountain matter, the Court learned that the United States intends to file a motion for summary judgment seeking to have it dismissed from the Fountain action because Karim was acting outside the scope of his employment. It became obvious that these intended dispositive motions are inextricably interconnected and, for judicial economy purposes, should be presented to the District Judge concurrently.

Additionally, another related issue became paramount. In its Letter-Brief, the

United States posited that Karim cannot seek relief under the Administrative Procedure Act, 5 U.S.C. § 702, et. seq., inasmuch as it is barred by sovereign immunity. Dkt. No. 49 at pp. 1-2. Instead of seeking relief under the Administrative Procedure Act, the United States remarked that Karim, pursuant to the Federal Tort Claims Acts, 28 U.S.C. § 2679(d)(3), should pursue a petition before the court to determine and certify, *de novo*, that Karim, was an employee acting within the scope of his office or employment. *Id*. at p. 2. Although Karim disagrees that sovereign immunity precludes him from seeking a declaratory judgment on his Complaint, he would like to pursue this additional avenue and file a petition under the Federal Tort Claims Act.

Consolidation is a "valuable and important tool of judicial administration." *Consorti v. Armstrong World Indus., Inc*., 72 F.3d 1003, 1006 (2d Cir.), *vacated on other grounds*, 518 U.S. 1031 (1996). The authority to consolidate lawsuits is found the Federal Rules of Civil Procedure:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a).

It is commonly understood that this Federal Rule gives broad discretion to the trial judge to consolidate legal actions *sua sponte*. *Devlin v. Transp. Commc'n Int'l Union*,

175 F.3d 121, 130 (2d Cir. 1999) (noting that a court can raise the issue *sua sponte*); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). In fact, there generally appears to be a default to consolidate actions where judicial economy is concerned. *Johnson v. Celotex Corp.,* 899 F.2d at 1284 (finding that "courts have taken the view that considerations of judicial economy favor consolidation"); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("[C]onsiderations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event.") (citations omitted). Rule 42 is essentially "invoked to expedite trial and eliminate unnecessary repetition and confusion." *Delvin v. Transp. Commc'n Int'l Union*, 175 F.3d at 130 (citations omitted). Further, another primary and indisputable objective of consolidation is to prevent separate actions from producing conflicting results. *OHM Remediation Servs. Corp. v. Hughes Envt'l Sys., Inc.*, 952 F. Supp. 120, 121 (N.D.N.Y. 1997) (citing *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. at 533). And yet, this blanket discretion requires courts to consider

> [w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. . . . When considering consolidation, a court should also note that the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff.

*Johnson v. Celotex Corp.*, 899 F.2d at 1285 (citations omitted).

Consideration of convenience and economy some times has to yield to the paramount concern for a fair and impartial trial. *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. at 532 (noting that confusion and prejudice may be the results of an unwary consolidation). Moreover, "efficiency cannot be permitted to prevail at the expense of justice - consolidation should be considered when 'saving of expense and gains of efficiency can be accomplished *without sacrifice of justice*.'" *Devlin v. Transp.*, 175 F.3d at 130 (quoting *Consorti v. Armstrong World Indus. Inc.*, 72 F.3d at 1007) (quotation and emphasis in original). That paramount concern proscribes that courts not succumb to "[t]he systemic urge to aggregate [similar] litigation [which would] trump our dedication to individual justice, and we must take care that each individual plaintiff's - and defendant's - cause not be lost in the shadow[s] . . . [.]" *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir. 1992) (cited in *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d at 350) (noting that courts should be "mindful of the dangers of a streamlined trial process in which testimony is curtailed and jurors assimilate vast amounts of information); *see also Kelly v. Kelly*, 911 F. Supp. 66, 69 (N.D.N.Y. 1996) (for the proposition that the court must balance the efficiency concerns against the potential for prejudice); *Solvent Chem. Co. ICC Indust., Inc. v. E.I. Dupont De*

*Nemours & Co.*, 242 F. Supp. 2d 196, 221 (W.D.N.Y. 2002); *Erwin-Smith v. K-mart Corp.*, 1999 WL 429505, at *1 (N.D.N.Y. June 22, 1999). Hence, courts must examine the "specific underlying facts" with "close attention" before ordering consolidation. *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993). Furthermore, the burden rests with the party moving for consolidation to not only show the commonality of facts and law, *Sidari v. Oleans County*, 174 F.R.D. 275, 281 (W.D.N.Y. 1996), but to convince the court that there would not be any unnecessary delays or confusion, *Kelly v. Kelly*, 911 F. Supp. at 69 (finding that consolidation may burden the parties, the court, and the jury "with an over complication of issues and necessary instructions").

Based upon the instructions above and the common questions of fact and issues which permeate both cases regarding whether Karim had authority to operate the Government vehicle that was involved with a collision with Fountain's car, that is whether he was acting within the scope of his employment, the Court submits that a consolidation of these cases, including a petition under the Federal Tort Claims Act, for motion practice would promote judicial economy and efficiency. To hold otherwise may risk inconsistent rulings and could foster confusion, unnecessary repetition, and excessive costs and delay. Weighing the efficacious aims of Rule 42, these two cases will be consolidated for motion practice only. The Court does not

hold the same view that these matters are so intertwined that they should be consolidated for trial purposes.

In order to complete the multitudinous tasks affiliated with filing a new petition and dispositive motions, the Court revises the Scheduling Order as follows:

> 1. Based upon the stipulation of the parties, Karim shall amend his Answer in 8:13-CV-255, to add a cross-claim seeking a declaratory judgment by **September 10, 1014**;
> 2. The United States shall file an Answer to Karim's cross-claim by **September 21, 2014**;
> 3. Karim shall commence a petition, pursuant to the Federal Tort Claim Act, 28 U.S.C. § 2679(d)(3) by **September 21, 2014**;
> 4. The United States shall file a reply to the petition by **October 21, 2014**;
> 5. The final day to file dispositive motions shall be filed by **December 11, 2014**;
> 6. Oppositions to the dispositive motions shall be filed by **January 31, 2015**;
> 7. Replies to the Oppositions shall be filed by **February 11, 2015**; and
> 8. The motions shall be returnable before the Honorable Norman A. Mordue, Senior United States District Judge, on **February 18, 2015.** The motions shall be on submit unless Judge Mordue deems otherwise and directs oral arguments.[1]

One additional issue remains. Karim posits that witnesses that have been deposed gave testimony that there is written documentation that indicates Karim may have had authority to use the government vehicle. Supposedly, this documentation reveals that a senior investigator assigned to the case relied on the assistance of

---

[1] The notice of motion shall refer to this Decision and Order and shall recite the motion briefing schedule set herein.

counsel from the United States Attorney's Office in determining that Karim was not entitled to a defense. Karim wants to depose this Attorney. Dkt. No. 43 at p. 1. However, often deposing an attorney implicates the attorney-client privilege, which would severely foreclose a depositional interrogations. Yet, if the United States Defendants's defense is relying upon the advice of counsel defense, it is conceivable that the attorney-client privilege may have been waived. Before the Court will entertain Karim's request for an additional deposition, the Court permits the United States Defendants an opportunity to review this request and all of its legal ramifications. The United States shall file a status report regarding this deposition by September 10, 2014. Upon the filing of the status report, the Court will decide if Karim is entitled to an additional deposition.

## CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED** that the case docket number 8:13-CV-255 and 3:14-CV-964, and a subsequent related petition to be filed by Anwar Karim shall be consolidated for purposes of dispositive motion practice. The lead case shall be 8:13-CV-255 and all dispositive motions shall be filed within that case docket; and it is further

**ORDERED** that the consolidation for trial purposes is reserved and shall be decided by the District Judge; and it is further

**ORDERED** that Scheduling Order is amended consistent with the instructions above; and it is further

**ORDERED** that the filing of dispositive motions and oppositions thereto shall be filed consistent with the direction stated above; and it is further

**ORDERED** that the United States shall file a status report regarding a possible deposition of a United States Attorney by **September 10, 2014**; and it is further

**ORDERED** that the Clerk of the Court shall file this Decision and Order within both case dockets.

**IT IS SO ORDERED**.

August 29, 2014
Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge